UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| BILL RAINS, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>ZALE CORPORATION, et al.,<br><br>          Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:09-cv-02133-P<br><br><u>CLASS ACTION</u> |
| BRIAN A. LAWYER, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>ZALE CORPORATION, et al.,<br><br>          Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:09-cv-02218-B<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE PIPEFITTERS LOCAL NO. 636 DEFINED BENEFIT PLAN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF THEIR SELECTION OF COUNSEL**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND .................................................................................................2

III. ARGUMENT ..........................................................................................................................3

    A. The Related Actions Should Be Consolidated for All Purposes .............................3

    B. The Pipefitters Should Be Appointed as Lead Plaintiff ..........................................3

        1. This Motion Is Timely ................................................................................4

        2. The Pipefitters Has the Largest Financial Interest in the Relief Sought by the Class ....................................................................................4

        3. The Pipefitters Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure ............................................................................................4

    C. The Court Should Approve the Pipefitters' Selection of Counsel ..........................6

IV. CONCLUSION .......................................................................................................................7

Proposed lead plaintiff Pipefitters Local No. 636 Defined Benefit Plan (the "Pipefitters") respectfully submits this memorandum of law in support of its motion for: (1) consolidation of the related actions pursuant to Fed. R. Civ. P. 42(a); (2) appointment as lead plaintiff in the above-referenced actions pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (3) approval of its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel and Kendall Law Group, LLP as liaison counsel for the class.

## I.  INTRODUCTION

Presently pending in this district are two related securities class action lawsuits (the "Related Actions") on behalf of all persons who purchased or otherwise acquired the publicly traded securities of Zale Corporation ("Zale" or the "Company") between November 16, 2006 and October 29, 2009, inclusive (the "Class Period"), against Zale and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act"):

| CASE | FILED |
|---|---|
| *Rains v. Zale Corp.*, No. 3:09-cv-02133 | 11/9/2009 |
| *Lawyer v. Zale Corp.*, No. 3:09-cv-02218 | 11/19/2009 |

The PSLRA requires courts to resolve consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The Pipefitters should be appointed as lead plaintiff because it: (1) timely filed a motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, the Pipefitters' selection of Coughlin Stoia as lead counsel and Kendall Law Group as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

- 1 -

## II.     FACTUAL BACKGROUND

Zale is a specialty retailer of diamonds and other jewelry products. Zale is headquartered in Irving, Texas. During the Class Period, defendants issued materially false and misleading statements regarding the Company's turnaround plans, financial results and compliance with Generally Accepted Accounting Principles ("GAAP"). Specifically, the Company failed to properly account for its advertising costs, intercompany accounts receivable, depository bank accounts, federal income taxes and personal property taxes. As a result of defendants' false and misleading statements, Zale stock traded at artificially inflated prices during the Class Period, reaching a high of $31.42 per share on December 5, 2006.

Then, on October 29, 2009, Zale issued its fourth quarter and full fiscal year-end 2009 financial results, reporting a net loss for the year ending July 31, 2009 of $189.5 million. Additionally, Zale provided restated financial information for fiscal year 2005 through the third quarter 2009 in the Company's Annual Report on Form 10-K that was filed on October 29, 2009. As a result of the restatement, Zale dramatically reduced its reported earnings for the period by 23% from $138.3 million on an aggregate basis to $112.7 million. Zale further reported a material weakness in its internal controls. Moreover, Zale announced that the SEC had initiated an investigation related to Zale's restatement. On this news, Zale's stock collapsed $1.66 per share to close at $4.73 per share on October 30, 2009, a one-day decline of nearly 26%, on volume of more than 2.7 million shares.

The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows:

- The Company had failed to properly account for its advertising costs, intercompany accounts receivable, depository bank accounts, federal income taxes and personal property taxes;

- The Company had failed to maintain effective internal controls;

- The Company's turnaround plan, including its major initiatives to reengage its core customer and to enhance operational efficiency, was not working; and

- Given the turmoil in the economy and the Company's inability to effectuate its turnaround plan, the Company had no reasonable basis to make projections about its fiscal year 2009 financial results.

As a result of defendants' false statements and omissions, Zale's stock traded at artificially inflated prices during the Class Period. However, after the above revelations seeped into the market, the Company's shares were hammered by massive sales, sending them down more than 84% from their Class Period high.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated for All Purposes

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). Here, the Related Actions assert claims on behalf of purchasers of Zale publicly traded securities for alleged violations of the 1934 Act during the Class Period. The Related Actions name the Company and certain of its officers and/or directors as defendants and involve the same factual and legal issues, namely, whether plaintiffs purchased Zale publicly traded securities at artificially inflated prices as a result of defendants' allegedly false and misleading statements, and whether defendants' conduct violates §§10(b) and 20(a) of the 1934 Act and SEC Rule 10b-5. Thus, the Related Actions should be consolidated.

### B. The Pipefitters Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-

4(a)(3)(A)(i). Next, the PSLRA provides that the Court "shall adopt a presumption that the most adequate plaintiff is the person or group of persons" that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pipefitters meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. This Motion Is Timely

The notice published in this action advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from November 9, 2009, or January 8, 2010. *See* Appendix, Ex. A. The Pipefitters' motion is therefore timely. 15 U.S.C. §78u-4(a)(3)(A).

In addition, the Pipefitters submitted a sworn certification confirming its willingness and ability to serve as lead plaintiff. *See* Appendix, Ex. B. Thus, the Pipefitters has complied with the PSLRA's procedural requirements and is entitled to be considered for appointment as lead plaintiff.

### 2. The Pipefitters Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pipefitters lost more than $46,000 due to defendants' misconduct. *See* Appendix, Exs. B-C. To the best of its counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, the Pipefitters satisfy the PSLRA's "largest financial interest" requirement.

### 3. The Pipefitters Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil

Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "A comprehensive reading of the statute reveals that, at this stage of the proceedings," the Pipefitters "need only make a preliminary showing that it satisfies these requirements." *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

"'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics as that of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *Schwartz v. TXU Corp.*, 2005 U.S. Dist. LEXIS 27077, at *48-*49 (N.D. Tex. 2005) (citation omitted). Here, "[i]f successful in proving its injury and losses resulting from" defendants' allegedly fraudulent scheme, the Pipefitters "will necessarily prove the conduct which underlies the claims of all purported plaintiffs, just as it will establish the elements of those claims." *Gluck*, 976 F. Supp. at 546. Accordingly, the Pipefitters' "claims are typical of those of the purported class members." *Id.*

"To meet the adequacy-of-representation requirement of Rule 23(a)(4), Courts consider (1) whether the named representative shares common interest with other class members, and (2) whether the named representative will vigorously prosecute the interests of the class through the class counsel." *Schwartz*, 2005 U.S. Dist. LEXIS 27077, at *50. The Pipefitters is "well suited to adequately represent the purported class" because it "has a significant financial interest in the litigation," has selected "competent counsel" and "as an institutional investor, it is accustomed to acting in the role of a fiduciary, and its experience with investing and financial matters will only benefit the class." *Gluck*, 976 F. Supp. at 546; *see also* Appendix, Exs. B-E.

The Pipefitters has "sufficiently demonstrated" that it "satisfies both the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure to the degree required by the statute." *Gluck*, 976 F. Supp. at 546. Therefore, the Court should adopt the presumption that the Pipefitters is the "most adequate plaintiff" under the PSLRA.

### C. The Court Should Approve the Pipefitters' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). The Pipefitters selected Coughlin Stoia to serve as lead counsel and Kendall Law Group as liaison counsel. *See* Appendix, Exs. D-E.

The counsel selected by the Pipefitters have previously been recognized by this Court as "two of the nations' preeminent plaintiffs' class action law firms." *Schwartz*, 2005 U.S. Dist. LEXIS 27077, at *50-*51 (noting that the "lawyers from those firms responsible for the prosecution of this case have taken leading roles in numerous important actions on behalf of investors asserting claims of fraud"). In approving the "largest cash settlement in a securities class action ever in this District," this Court also found that the lawyers with Coughlin Stoia and Kendall Law Group "amply demonstrated their competence through their representation of Lead Plaintiffs." *Id.*; *see also In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of Coughlin Stoia is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

In sum, the experience, resources and synergies which Coughlin Stoia and Kendall Law Group will bring to this action if appointed as lead and liaison counsel on behalf of the class will ensure the class' interests are responsibly and vigorously advanced. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia and Kendall Law Group. *See* Appendix, Exs. D-E. Accordingly, the Pipefitters' selection of counsel should be approved.

## IV. CONCLUSION

The Pipefitters has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Pipefitters respectfully requests that the Court appoint the Pipefitters as Lead Plaintiff, approve its selection of counsel, and grant such other relief as the Court may deem just and proper.

DATED: January 8, 2010

Respectfully submitted,

KENDALL LAW GROUP, LLP
JOE KENDALL (State Bar No. 11260700)
HAMILTON LINDLEY (State Bar No. 24044838)

s/ JOE KENDALL
JOE KENDALL

3232 McKinney Avenue, Suite 700
Dallas, TX 75204
Telephone: 214/744-3000
214/744-3015 (fax)

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
ANNE L. BOX
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

SULLIVAN, WARD, ASHER & PATTON, P.C.
MICHAEL J. ASHER
JACQUELINE A. KELLY
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI 48075-1000
Telephone: 248/746-0700
248/746-2760 (fax)

Additional Counsel for Plaintiff

Document1

CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

Bruce A. Hiler
Cadwalader Wickersham & Taft LLP
1201 F Street, NW, Suite 1100
Washington, DC  20004

Lionel Z. Glancy
Michael Goldberg
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067

Howard G. Smith
Law Offices of Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA  19020

Michael J. Asher
Jacqueline A. Kelly
Sullivan, Ward, Asher & Patton, P.C.
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI  48075

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 8, 2010.

s/ JOE KENDALL
JOE KENDALL

KENDALL LAW GROUP, LLP
3232 McKinney Avenue, Suite 700
Dallas, TX  75204
Telephone:  214/744-3000
214/744-3015 (fax)
E-mail:  jkendall@kendalllawgroup.com

# Mailing Information for a Case 3:09-cv-02218-B

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joe Kendall**
  administrator@kendalllawgroup.com,jkendall@kendalllawgroup.com

- **Hamilton Lindley**
  hlindley@kendalllawgroup.com,administrator@kendalllawgroup.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`